Dear Mr. Rawls:
In your opinion request of recent date, you state that the Morgan City Harbor and Terminal District would like to retain Representative Jack Smith by contractual agreement for his consulting services. You ask whether a state legislator may enter into such a contract, in light of the provisions of Louisiana's Dual Officeholding Law, LSA-R.S. 42:61, et. seq..
This office has previously addressed this issue and determined the provisions of Louisiana's Dual Officeholding Law do not prohibit this arrangement. "Employment" is defined in LSA-R.S.42:62(3) as:
 ". . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
If the District is not engaging the state legislator as an employee on a salary or per diem basis, and the relationship is one of contract rather than "employment" as defined in LSA-R.S.42:62(3), then the provisions of the Dual Officeholding statute are inapplicable. This conclusion is in accord with previous Attorney General Opinions 88-653 and 88-618, copies of which we enclose for your further review.
It is the opinion of this office that Representative Jack Smith may enter into a contract to perform consulting services for the Morgan City Harbor and Terminal District.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams